WETHERELL, J.,
dissenting.
I respectfully dissent from the decision to remand this case to the appeals referee for additional fact-finding. I would affirm the denial of Claimant’s request for unemployment compensation benefits because the referee’s decision includes more than enough findings to support the conclusion that Claimant was discharged for misconduct connected with work and, thus, is disqualified from receiving unemployment compensation benefits.
Claimant was absent from work for six weeks[1] on the basis of an undocumented *939 medical condition that allegedly precluded him from working.[2] The employer did not believe that Claimant was medically unable to work,[3] nor, it appears, did the appeals referee because she resolved all conflicts in the evidence in favor of the employer. The referee found that that Claimant failed to document his alleged medical inability to work even though he was familiar with the requirements of the employer’s FMLA policy, as evidenced by his past compliance with the policy. The record fully supports these findings, which in turn, support the referee’s conclusions that Claimant’s actions “were not in the best interest of the employer” and “arose to the level of misconduct.”
There is no need to remand for additional fact-finding; the omitted finding deemed necessary by the majority is subsumed in the affirmative determination of misconduct and in the ultimate determination that Claimant was disqualified from receiving unemployment compensation benefits. Indeed, under the Mason and Tallahassee Housing Authority cases cited by the majority, the only way the referee could have found Claimant eligible for benefits after rejecting the claim that his extended absence was implicitly authorized by his employer was if the referee affirmatively found that Claimant rebutted the presumption of misconduct arising from his excessive unauthorized absenteeism. Because the referee’s decision contains no such finding, it follows that Claimant did not rebut the presumption that he was discharged for misconduct.
The other cases cited by the majority do not support reversal here. The Florida State University case is distinguishable because it was a “voluntary quit” case, not a “misconduct” case based on excessive unauthorized absenteeism. Blodgett was an excessive unauthorized absenteeism case, but it is factually distinguishable from this case.
In Blodgett, the employee’s extended absence was expected due to her pregnancy and, thus, her failure to submit the required leave forms was merely an “inconvenience” to the employer, see 880 So.2d at 816; by contrast, in this case, there was no evidence that Claimant’s extended absence was expected by the employer when he left his supervisor a voicemail stating that he intended to take FMLA leave without giving any indication of how long the leave might last, and the referee found that Claimant’s actions “were not in the best interest of the employer.” Also, in Blod-gett, the court noted that there was no evidence of dishonesty or malingering by the employee, see id.; by contrast, in this case there was no evidence other than Claimant’s self-serving testimony (which was rejected by the referee) that Claimant was actually medically unable to work or *940 under the care of a physician at any point during his absence.
In sum, because the record fully supports the findings made by the appeals referee and because those findings support the referee’s legal conclusions and ultimate determination that Claimant is disqualified from receiving unemployment compensation benefits, I would affirm the order on appeal. Moreover, because the remand mandated by the majority will serve no meaningful purpose except to give Claimant a second opportunity to establish entitlement to benefits that he is clearly disqualified from receiving due to his excessive unauthorized absenteeism, I respectfully dissent.[4]

. On December 8, 2010 (the day after he failed a drug test required as part of his employment), Claimant left his supervisor a voicemail stating that he was not coming into work and that he intended to take FMLA leave. Claimant did not return to work until January 21, 2011. The record reflects that had Claimant not been fired for his extended unauthorized absence, he would have been suspended for two weeks upon his return to work based on the failed drug test.

. Claimant claimed that at least a portion of his absence was based on a "flare-up” of his multiple sclerosis (MS), for which he had previously taken FMLA leave. In support of this claim, Claimant referred to an undated document from Dr. Novak stating that Claimant's MS is a "lifelong” condition and that significant flare-ups of the condition "may” require Claimant to miss work or affect his ability to perform his job. However, as the employer's witness explained at the hearing, there is nothing in this document indicating that any portion of Claimant's six-week absence from work was, in fact, related to a flare-up of his MS. Moreover, Claimant testi-fled that another physician determined that his condition was actually the result of panic attacks, and not a flare up of his MS. However, none of the documentation presented to support this claim stated that the panic attacks required the extended leave from work taken by Claimant.

. This is not the first time Claimant failed to document his alleged inability to work due to a medical condition. The record reflects that Claimant was disciplined in 2008 for failing to provide a doctor's note for a day that he claimed to be sick.

. Although I disagree with the majority’s disposition of this case on the merits, I agree based on this disposition that Claimant’s motion for appellate attorney’s fees should be granted. I also agree that the motion should be remanded to the referee for consideration in accordance with the procedure set forth in Riveras. It should be noted that the motion is only provisionally granted because it is possible that on remand the referee and the UAC may again determine that Claimant is not entitled to unemployment compensation benefits, and under those circumstances, Claimant will not be entitled to any attorney’s fees for this appeal. See § 443.041(2)(b), Fla. Stat. (providing for an award of fees only if the appeal "results in a decision awarding more benefits than provided in the decision from which appeal was taken”).